# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| Plaintiff, | ) | **REDUCE SENTENCE (FIRST STEP** |
| | ) | **ACT) AND MOTION TO APPOINT** |
| vs. | ) | **COUNSEL** |
| | ) | |
| Jay Douglas Barker, | ) | Case No. 3:17-cr-71 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Jay Douglas Barker's motion for "Sentence reduction/Modification under 'First Step Act' § 404, And 18 U.S.C. 3582(c)(1)(B) Abo 18 U.S.C. 3553," filed on June 22, 2020.  Doc. No. 52.  Barker appears to seek relief based on Section 404 of the First Step Act of 2018, which made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain offenses involving crack cocaine.  Barker also moves for the appointment of counsel.  Id.  The Government responded in opposition to both motions on July 2, 2020.  Doc. No. 54.  For the reasons below, the motions are denied.

On November 28, 2017, Barker pled guilty to a single-count Indictment charging him with Armed Bank Robbery on or about March 8, 2017, in violation of 18 U.S.C. §§ 2113(a) and 2113(d).  Doc. No. 33.  On March 21, 2018, Barker appeared before this Court for sentencing.  The Court adopted without change the Presentence Investigation Report, which calculated a total offense level of 26, a criminal history category of III, and an advisory guideline range of 78 months to 97 months.  Doc. No. 40, ¶¶ 22, 38, and 86; Doc. No. 51, p. 1.  The count of conviction did not carry a mandatory minimum sentence.  Doc. No. 40, ¶ 85; Doc. No. 51, p. 1.  The Court sentenced Barker to 84 months' imprisonment.  Doc. No. 50.

Barker now seeks a sentence reduction under the First Step Act's provisions regarding the application of the Fair Sentencing Act. In 2010, Congress passed the Fair Sentencing Act, which was designed to reduce sentencing disparity between cocaine and crack cocaine offenses. Before the Fair Sentencing Act's passage, a violation of 21 U.S.C. § 841(a)(1) involving 50 grams or more of a mixture or substance containing cocaine base (that is, crack cocaine) carried a mandatory minimum term of imprisonment of 10 years and a maximum term of life imprisonment. 21 U.S.C. 841(b)(1)(A) (2009). A violation involving 5 grams or more of a mixture or substance containing crack cocaine carried a mandatory minimum sentence of 5 years and a maximum sentence of 40 years. Id. § 841(b)(1)(B). Section 2 of the Fair Sentencing Act increased these threshold drug quantities from 50 grams to 280 grams and 5 grams to 28 grams, respectively. 111 Pub. L. No. 120, § 2, 124 Stat. 2372, 2372. In addition, Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of crack cocaine that had been contained in 21 U.S.C. § 844(a). Id. § 3. The Fair Sentencing Act's more lenient penalties for crack cocaine offenses applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred. Dorsey v. United States, 567 U.S. 260, 273, 281–82 (2012).[1]

The First Step Act of 2018 introduced a wide range of statutory provisions and amendments aimed at criminal justice reform. In Section 404 of the First Step Act, Congress made retroactive the Fair Sentencing Act's reduced penalties for crack cocaine offenses. Under Section 404, the sentencing court may, upon motion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." 115 Pub. L. No. 391, § 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the

---

[1] The Fair Sentencing Act did not affect the mandatory minimum and maximum terms of imprisonment for any other controlled substances.

statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a).  No court shall entertain a motion made under Section 404 if the sentence was "previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Id. § 404(c).

Barker is ineligible for relief under Section 404 of the First Step Act.  First, Barker's offense did not involve crack cocaine—let alone any controlled substance.  Second, Barker committed the offense after August 3, 2010, and accordingly was sentenced after that date.  Lastly, the amendments made by the Fair Sentencing Act applied to mandatory minimum sentences based on certain drug quantities, and Barker was not subject to a mandatory minimum sentence.  For these reasons, Barker's offense is not a "covered offense" under Section 404 of the First Step Act.  Because Barker's offense is not a "covered offense," the Court is precluded from reducing his sentence under Section 404 of the First Step Act.[2]

The Court also declines to appoint counsel for Barker, as he has neither a constitutional nor a statutory right to counsel in a postconviction sentence reduction proceeding.  United States v. Tollefson, 853 F.3d 481, 485 (8th Cir. 2017); United States v. Whitebird, 55 F.3d 1007, 1010-11 (5th Cir. 1995).  Further, Barker plainly does not qualify for relief under Section 404 of the First Step Act, so the interests of justice do not require the appointment of counsel.

---

[2] Other sentencing reform provisions found in the First Step Act also would not apply to Barker because of his offense date and sentencing date.  See 115 Pub. L. No. 391, § 401 (applies to "any offense that was committed before [December 21, 2018], if a sentence for the offense has not been imposed as of" that date), § 402 (applies "only to a conviction entered on or after [December 21, 2018]"), and § 403 (applies to "any offense that was committed before [December 21, 2018], if a sentence for the offense has not been imposed as of" that date).

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law and statutory provisions. For the reasons stated above, Barker's motion to reduce sentence and motion to appoint counsel (both at Doc. No. 52) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of July, 2020.

>	*/s/ Peter D. Welte*
> Peter D. Welte, Chief Judge
> United States District Court